MARGARET FARMER, ADMINISTRATRIX OF THE ESTATE OF
ROSE FARMER, DECEASED,

*v.*

STATE OF ILLINOIS.

*Opinion filed November 19, 1914.*

NON-LIABILITY OF STATE—*Morrissey* v. *State ante followed.* This
claim is governed by the decision of the Court in *Morrissey* v.*State,*
*supra.*

Chipperfield & Chipperfield, Browne & Wiley, Duncan,
Doyle & O'Conor, Howard H. Bayne, George P. Hills, Gleim
& Colwell, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, (Stead, Woodward & Hibbs, of Coun-
sel), for State.

This is one of the so-called Utica bridge cases.

The principal facts in this case and the law applic-
able thereto are essentially the same as in the *Mor-
rissey case,* except that decedent was under the bridge
at the time it fell. It appears that the tow-path run-
ning under the bridge, had been used as a thoroughfare
for upwards of thirty years. This roadway along the
canal was, to all intents and purposes, a public way.
It led from Clark street to the canal dock, and had been
used by the public generally and very largely so by
teams from an elevator.

The accident to decedent did not result from any
negligence on her part, and the only defense that could
be urged against her was that she was a trespasser.
In our view of the case, decedent was rightfully under
the bridge. The place was entirely open and unob-
structed, and had been used for so great a length of
time, that if no prescriptive right had attached, the in-
vitation to use same was extended. In view of the fact
that the Canal Commissioners had actual notice of the
dangerous condition, and that their negligence in not
remedying this condition approached such a degree
as might be said to be gross, we would be inclined to

hold that claimant is entitled to recover, were it not for the reasons announced in the decision of the *Morrissey case*. The point where decedent was standing was within the limits of the highway, which existed prior to the time of the construction of the canal.

Decedent was sixteen years of age, a high school graduate, and had a music and school teacher's certificate. She left surviving her, her mother, two sisters and one brother. At the time of her death, she was working in a telephone office, earning pay at the rate of $1.50 per day.

It is the judgment of the Court, that the claim be denied, without prejudice to the right of claimant to present her claim to the legislature, and with the statement, that if it were within our power, we would award to claimant the sum of thirty-five hundred dollars.